**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

MONIQUE McDONALD, Individually
and as a representative of a class of
similarly situated persons, on behalf of the
BROOKDALE SENIOR LIVING, INC.
401(K) RETIREMENT SAVINGS PLAN

               Plaintiff,

    v.

BROOKDALE SENIOR LIVING, INC., the
RETIREMENT COMMITTEE of
BROOKDALE, and DOES No. 1-10, Whose
Names are Currently Unknown,

               Defendants.

Case No. _____

**JURY TRIAL DEMANDED**

---

## CLASS ACTION COMPLAINT

---

Plaintiff, Monique McDonald ("Plaintiff"), individually and as a representative of the Brookdale Senior Living, Inc. 401(k) Retirement Savings Plan ("Plan") and a proposed class (defined below) of participants and beneficiaries in the Plan, brings this action under 29 U.S.C. § 1132 on behalf of the Plan and the Class, against Defendants, Brookdale Senior Living, Inc. ("Brookdale"), the Brookdale Senior Living, Inc. 401(k) Retirement Savings Plan Committee ("Committee"), and Does No. 1-10, who are members of the Committee or other fiduciaries of the Plan and whose names are currently unknown (collectively, "Defendants"), for (1) breach of fiduciary duties established under the Employee Retirement Income Security Act ("ERISA"), (2) violation of ERISA's anti-inurement provision, and (3) self-dealing and prohibited transactions under ERISA, beginning six years from the date this action is filed and continuing to the date of judgment (the "Class Period"):

## I.    <u>NATURE OF THE ACTION</u>

1.    This action arises out of Defendants' wrongful use, for their own benefit, of assets in their employees' retirement plan.  As set forth herein, Defendants used forfeited Plan assets to reduce Brookdale's employer contribution obligations, rather than for the benefit of Plan participants, in violation of Defendants' fiduciary responsibilities and several provisions of ERISA.  In this action, Plaintiff seeks damages and other appropriate relief in connection with Defendants' wrongful conduct in misusing forfeited Plan assets for their own benefit.

2.    Defendants are fiduciaries of the Plan under 29 U.S.C. § 1002(21)(A) with specific duties and obligations imposed by ERISA.  During the Class Period, Defendants breached the duties they owed to the Plan by using funds forfeited by Plan participants to reduce employer contributions to the Plan instead of using such funds to reduce or eliminate the amounts charged to Plan participants for administrative expenses.  In doing so, Defendants failed

to "defray[] reasonable expenses of administering the [P]lan," 29 U.S.C. § 1104(a)(A)(ii), allowed the Plan's assets to "inure to the benefit" of Brookdale, 29 U.S.C. § 1103(c)(1), and otherwise acted imprudently and disloyally. *See* 29 U.S.C. § 1104. This repeated choice, which elevated the interests of Brookdale over those of Plan participants and was contrary to the conduct of a reasonable fiduciary under like circumstances, clearly breached the fiduciary duties Defendants owed to participants and beneficiaries and violated several provisions of ERISA. Defendants' misconduct in this regard cost the Plan and its participants millions of dollars.

3.      Based on this conduct, Plaintiff asserts claims against Defendants for breach of the fiduciary duty of prudence (Count I), breach of the fiduciary duty of loyalty (Count II), breach of ERISA's anti-inurement provision (Count III), and failure to monitor co-fiduciaries (Count IV).

## II.      THE PARTIES

4.      McDonald is a former employee of Brookdale and a current participant in the Plan under 29 U.S.C. § 1002(7). McDonald is a resident of Houston, Texas.

5.      Brookdale is a Delaware corporation headquartered in Brentwood, Tennessee. Brookdale owns and operates retirement homes and assisted living facilities across the United States. With more than 680 locations and more than 60,000 residents, Brookdale is the largest operator of senior housing in the country.

6.      The Committee is the Plan Administrator and a fiduciary under ERISA pursuant to 29 U.S.C. §§ 1002 and 1102. The Committee maintains its address at Brookdale's corporate headquarters in Brentwood, Tennessee. The Committee and its members are appointed by Brookdale to administer the Plan on Brookdale's behalf.

7.      Does No. 1-10 are members of the Committee and, by virtue of their membership,

as well as their maintenance and exercise of control over Plan assets, fiduciaries of the Plan. Despite reasonable and diligent efforts, Plaintiff is currently unable to determine the membership of the Committee or the identity of the other fiduciaries of the Plan, as this information is not publicly available. As such, these Defendants are named Does 1-10 as placeholders. Plaintiff will move, pursuant to Federal Rules of Civil Procedure 15, to amend this Complaint to name the members of the Committee and other responsible individuals as defendants as soon as their identities are discovered.

### III.     JURISDICTION AND VENUE

8.      Plaintiff seeks relief on behalf of the Plan pursuant to ERISA's civil enforcement remedies with respect to fiduciaries and other interested parties and, specifically, under 29 U.S.C. § 1109 and 29 U.S.C. § 1132.

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

10.     Venue is proper in this District pursuant to ERISA Section 502(e), 29 U.S.C. § 1332(e), and 28 U.S.C. § 1391 because Brookdale's principal place of business is in this District and the Plan is administered from this District. Furthermore, a substantial part of the acts and omissions giving rise to the claims asserted herein occurred in this District.

11.     Plaintiff has standing to bring this action. ERISA authorizes any participant, fiduciary, or the Secretary of Labor to bring suit as a representative of a plan, with any recovery necessarily flowing to a plan. *See* 29 U.S.C. § 1132(a)(2). As explained herein, the Plan has suffered millions of dollars in losses resulting from Defendants' breaches of fiduciary duty and remains vulnerable to continuing harm, all redressable by this Court. In addition, although standing under ERISA Section 502(a)(2), 29 U.S.C. § 1132(a)(2), is established by these Plan-

wide injuries, Plaintiff and all Plan participants were harmed by Defendants' failure to use forfeited Plan funds to pay Plan administrative expenses, which would have reduced or eliminated the amounts charged to Plan participants' individual accounts.

12.     Plaintiff is entitled to receive the difference between the value of her account currently, or as of the time her account was distributed, and what her account would have been worth but for Defendants' fiduciary breaches as described herein.

13.     Plaintiff did not have knowledge of the material facts necessary to understand that Defendants breached their fiduciary duties and engaged in other unlawful conduct in violation of ERISA until shortly before this suit was filed.

## IV.     FACTUAL ALLEGATIONS

14.     The Plan is a defined contribution retirement Plan sponsored by Brookdale. Brookdale and eligible employees make contributions to the Plan and the contributions receive tax-deferred treatment.  As of December 31, 2023, the Plan had 17,265 participants with account balances and assets totaling $446,283,629.

15.     Brookdale delegates day-to-day responsibility for the Plan's management and administration to the Committee.  The Committee's responsibilities for managing and administering the Plan are carried out by its members.  Under this structure, Defendants each maintain discretion and control over the Plan and its assets and, consequently, are fiduciaries of the Plan under ERISA.  As fiduciaries of the Plan, Defendants are obligated to act for the exclusive benefit of participants and ensure that Plan expenses are fair and reasonable.

16.     The Plan obtains various administrative services from third-party vendors. Although Brookdale could elect to pay for these administrative services in its capacity as Plan sponsor, Plan participants pay for the Plan's administrative expenses through a direct quarterly

5

charge to their accounts in the Plan.

17.    The deduction of administrative expenses from participant accounts reduces the funds available to participants for investment or distribution.

18.    Under the terms of the Plan, participants are immediately vested in their own contributions to the Plan but they are *not* immediately vested in the contributions made by Brookdale.  Instead, the terms of the Plan provide a schedule pursuant to which employees become vested in the contributions made by Brookdale over the course of five years.

19.    When a participant has a break in service prior to becoming fully vested in Brookdale's contributions, the participant forfeits the balance of Brookdale's unvested contributions in his or her individual account.  Defendants exercise discretionary authority and control over how these Plan assets are thereafter reallocated.

20.    The Plan's Forms 5500 state that forfeitures due to the termination of nonvested participants ("Forfeitures") will be used first to restore previously forfeited accounts of former participants, then to pay the Plan's administrative expenses, and *lastly* to offset future employer contributions to the Plan.[1]

21.    Although these Plan documents provide that Defendants are to use the Forfeitures to pay Plan administrative expenses—thereby reducing or eliminating the amounts charged to individual participant accounts to cover such expenses—*before* using Forfeitures to offset Brookdale's contributions to the Plan, Defendants have consistently declined to follow this provision.

22.    Instead, Defendants have consistently chosen to prioritize using Forfeitures to

---

[1] Form 5500 is the Department of Labor form on which the sponsor or administrator of an employee benefit plan governed by ERISA reports information concerning the qualification, financial condition, investments, and operations of the plan.  *See* 2018 Form 5500, at 37; 2019 Form 5500, at 29; 2020 Form 5500, at 29; 2021 Form 5500, at 31; 2022 Form 5500, at 31.

reduce Brookdale's contribution obligations to the Plan, a decision for Brookdale's own benefit and to the detriment of the Plan and its participants.

23.     The Plan's 2018 Form 5500 indicates that Forfeitures were used to reduce Brookdale's contributions by $2,512,000 in 2018 and $2,127,000 in 2017, while Defendants used Forfeitures to pay only $166,000 and $300,000 in Plan expenses during those same years.

24.     The Plan's 2019 Form 5500 indicates that Forfeitures were used to reduce Brookdale's contributions by $2,915,000 in 2019, while Defendants used Forfeitures to pay only $81,000 in Plan expenses that year.

25.     The Plan's 2020 Form 5500 indicates that Forfeitures were used to reduce Brookdale's contributions by $3,020,000 in 2020, while Defendants used Forfeitures to pay only $27,000 in Plan expenses that year

26.     The Plan's 2021 Form 5500 indicates that Forfeitures were used to reduce Brookdale's contributions by $1,806,000 in 2021, while Defendants used Forfeitures to pay only $47,000 in Plan expenses that year.

27.     The Plan's 2022 Form 5500 indicates that Forfeitures were used to reduce Brookdale's contributions by $1,190,000 in 2022, while Defendants used Forfeitures to pay only $119,000 in Plan expenses that year.

28.     Confirming the violation in prior years, the language of the Plan's Form 5500 was changed in the 2023 filing to remove the priority to use Forfeitures first to pay Plan expenses and only then to reduce Brookdale's contributions.  In 2023, Forfeitures were used to reduce Brookdale's contributions by $920,000, while Defendants used Forfeitures to pay only $47,000 in Plan expenses that year.

29.     While Defendants' use of Forfeitures in the Plan's trust fund to reduce its

contributions benefited Brookdale by reducing its own contribution obligations, it harmed the Plan and the Plan's participants and beneficiaries as such contributions would otherwise have increased the amounts available to Plan participants through investment and/or distribution. Indeed, the Plan's expenses each year (borne by participants) far exceeded the amount of Forfeitures that Defendants applied to pay Plan expenses. By prioritizing Forfeitures to decrease Brookdale's contributions instead of reducing Plan expenses, Defendants caused participants to incur deductions from their individual accounts each quarter to cover the Plan's administrative expenses.

## V. ERISA STANDARDS

30. As fiduciaries of the Plan, Defendants are subject to the strict fiduciary duties of loyalty and prudence ERISA imposes. 29 U.S.C. § 1104(a) states, in relevant part:

> [A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and -
>
> (A)      for the exclusive purpose of
>
> > (i.)     providing benefits to participants and their beneficiaries; and
> >
> > (ii.)    defraying reasonable expenses of administering the plan;
> >
> > [and]
>
> (B)     with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims.

31. Under 29 U.S.C. § 1103(c)(l), with certain exceptions not relevant here, the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in a plan and their beneficiaries and defraying reasonable expenses of administering the plan.

32. Under ERISA, fiduciaries that exercise any authority or control over plan assets,

including the selection of plan investments and service providers, must act prudently and solely in the interest of participants in a plan.

33. ERISA's fiduciary duties are the "highest known to the law" and must be performed with an "eye single" to the interests of participants. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 425 (6th Cir. 2002) (citations omitted).

34. ERISA also imposes liability on plan fiduciaries for certain actions by their co-fiduciaries. Specifically, 29 U.S.C. § 1105(a) provides a cause of action against a fiduciary for knowingly participating in a breach by another fiduciary and knowingly failing to cure any breach of duty:

> In addition to any liability which he may have under any other provision of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:
>
> > (1)    if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; or
> >
> > (2)    if, by his failure to comply with section 404(a)(l) in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or
> >
> > (3)    if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

35. 29 U.S.C. § 1132(a)(2) authorizes a plan participant to bring a civil action to enforce a breaching fiduciary's liability to the plan under 29 U.S.C. § 1109, which provides, in relevant part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary

9

which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109.

## VI.    CLASS ACTION ALLEGATIONS

36.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and the following proposed class ("Class"):

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan at any time between six years from the date this action is filed and the date of judgment (the "Class Period"). Excluded from the Class are Defendants and the Judge to whom this case is assigned or any other judicial officer having responsibility for this case who is a beneficiary.

37.    This action may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23.

38.    **Numerosity**.  According to the Plan's Forms 5500, there are at least thousands of Class members throughout the United States.  As a result, the members of the Class are so numerous that their individual joinder in this action is impracticable.

39.    **Commonality**.  There are numerous questions of fact and law that are common to Plaintiff and all the members of the Class, including, but not limited to the following:

A.    Whether Defendants' decision to use Forfeitures to reduce Brookdale's contribution obligations instead of pay Plan expenses was a breach of ERISA's fiduciary duties of prudence and loyalty;

B.    Whether Defendants' decision to use Forfeitures to reduce Brookdale's contribution obligations instead of pay Plan expenses was a breach of ERISA's anti-inurement provision;

C.    Whether the Plan suffered losses as a result of Defendants' decision to use

Forfeitures to reduce Brookdale's contribution obligations instead of pay Plan expenses; and

        D.     Whether and what form of relief should be afforded to Plaintiff and the Class.

40.    **Typicality**.  Plaintiff, who is a member of the Class, has claims that are typical of all members of the Class.  Plaintiff's claims and the Class members' claims arise out of the same uniform course of conduct by Defendants and under the same legal theories.

41.    **Adequacy of Representation**.  Plaintiff will fairly and adequately represent the interests of the Class members.  Plaintiff has no conflict of interest nor any interests that are different from the other members of the Class.  Plaintiff has retained competent counsel experienced in class actions and other complex litigation, including class actions brought under ERISA.

42.    **Potential Risks and Effects of Separate Actions**.  The prosecution of separate actions by or against individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the party opposing the Class.  Individual Class member adjudications would also be dispositive of the interests of the other Class members not party to the individual adjudications, which would substantially impair or impede their ability to protect their interests.

43.    **Predominance**.  Common questions of law and fact predominate over questions affecting only individual Class members.  The Court and the parties will spend the vast majority of their time working to resolve these common issues.  In fact, the only individual issues of significance will be the exact amount of damages each Class member will recover, the calculation of which will ultimately be a ministerial function which does not bar Class certification.

44. **Superiority**. A class action is superior to all other feasible alternatives for the resolution of this matter. The vast majority, if not all, of the Class members are unaware of Defendants' breaches of fiduciary duty and prohibited transactions, such that they will never bring suit individually. Furthermore, even if they were aware of the claims they have against Defendants, the individual claims of most Class members would be too small to economically justify individual litigation. Finally, individual litigation of multiple cases would be highly inefficient, a gross waste of the Court's and the parties' resources, and could lead to inconsistent results that would be contrary to the interests of justice.

45. **Manageability**. This case is well-suited for class action treatment and can be easily managed as such since evidence of both liability and damages can be adduced and presented on a Class-wide basis while the allocation and distribution of damages to Class members will be essentially a ministerial function.

46. Defendants have acted in a manner generally applicable to the Class by uniformly subjecting them to the breaches of fiduciary duty and other violations of ERISA described above. Accordingly, injunctive relief, legal and equitable monetary relief, and declaratory relief are appropriate with respect to the Class as a whole.

47. Plaintiff's counsel will fairly and adequately represent the interests of the Class and are best able to represent the interests of the Class under Federal Rule of Civil Procedure 23(g). Moreover, treating this case as a class action is superior to proceeding on an individual basis, and there will be no difficulty in managing this case as a class action.

48. Therefore, this action should be certified as a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(1) and/or 23(b)(3).

## COUNT I
### (Breaches of Fiduciary Duty of Prudence)

49.    Plaintiff realleges and incorporates by reference herein all prior allegations in this Complaint as if fully set forth herein.

50.    At all relevant times, Defendants were fiduciaries of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), since they were designated fiduciaries under the Plan's governing documents and they, in fact, exercised discretionary authority or control over the administration and management of the Plan or disposition of the Plan's assets.

51.    As fiduciaries of the Plan, Defendants were subject to the fiduciary duties imposed by ERISA § 404(a), 29 U.S.C. § 1104(a).

52.    Defendants' conduct violates the fiduciary duties established under ERISA § 404(a)(1)(A), (B) and (D), 29 U.S.C. § 1104(a)(1)(A), (B) and (D).

53.    Pursuant to 29 U.S.C. § l 104(a)(l)(B), Defendants were required to discharge their duties with respect to the Plan "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." Defendants breached their duty of prudence under 29 U.S.C. § l 104(a)(l)(B) by declining to Forfeitures for the benefit of Plan participants, and instead using such Plan assets to reduce Brookdale's own contributions to the Plan.  Defendants failed to engage in a reasoned and impartial decision making process in deciding to use Forfeitures to reduce Brookdale's own contribution expenses.  Defendants failed to act in a prudent manner, in the best interest of the Plan's participants, and failed to consider whether participants would be better served by another use of these Plan assets after considering all relevant factors.

54.    Moreover, Defendants failed to act in accordance with the documents and

instruments governing the Plan. Pursuant to 29 U.S.C. § 1104(a)(1)(D), Defendants were required to discharge duties solely in the interest of Plan participants, and "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of" ERISA. Defendants breached their fiduciary duty under 29 U.S.C. § 1104(a)(1)(D) by using forfeited Plan assets in violation of Plan terms. Defendants' use of Forfeitures as described herein violated the terms of the Plan's documents and requirements established in Plan documents that the fiduciaries comply with ERISA.

55.     In addition, as set forth above, Defendants violated their fiduciary duties under ERISA to monitor other fiduciaries of the Plan in the performance of their duties.

56.     To the extent that any of the Defendants did not directly commit any of the foregoing breaches of fiduciary duty, each Defendant is liable under 29 U.S.C. § 1105(a) because he, she, or it was a co-fiduciary and knowingly participated in (or concealed) a breach by another fiduciary, enabled another fiduciary to commit breaches of fiduciary duty in the administration of specific responsibilities giving rise to his, her, or its fiduciary status, or knowingly failed to cure another fiduciary's breach of fiduciary duty or failed to take reasonable efforts to remedy that breach.

57.     As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plan and its participants suffered millions of dollars of losses. Had Defendants complied with their fiduciary obligations and used Forfeitures to pay Plan expenses, the Plan would not have suffered these losses and participants would have had more money available to them for retirement.

58.     Pursuant to ERISA §§ 409, 502, 29 U.S.C. §§ 1109, 1132, Defendants are liable to restore to the Plan the losses it suffered as a direct result of Defendants' breaches of fiduciary

duty. Defendants are also liable for damages and any other available equitable or remedial relief, including prospective injunctive and declaratory relief, and attorneys' fees, costs, and other recoverable expenses of litigation.

**COUNT II**
**(Breach of Fiduciary Duty of Loyalty)**

59. Plaintiff realleges and incorporates by reference herein all prior allegations in this Complaint as if fully set forth herein.

60. At all relevant times, Defendants were fiduciaries of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), in that they exercised discretionary authority or control over the administration and management of the Plan or disposition of the Plan's assets.

61. As fiduciaries of the Plan, Defendants were subject to the fiduciary duties imposed by ERISA § 404(a), 29 U.S.C. § 1104(a).

62. Pursuant to 29 U.S.C. § 1104(a)(1)(A), Defendants were required to discharge their duties to the Plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."

63. Defendants failed to satisfy their duty of loyalty to the Plan and its participants when using Forfeitures for the benefit of the Brookdale instead of in the sole interest of the Plan and its participants and beneficiaries.

64. Defendants used these Plan assets for the purpose of reducing Brookdale's contributions to the Plan, thereby saving Brookdale millions of dollars each year at the expense of the Plan, which received diminished employer contributions, and Plan participants and beneficiaries, who were forced in incur avoidable expense charges to their individual accounts. Defendants' use of Forfeitures as described herein placed Defendants' interests above the

15

interests of Plan participants and beneficiaries.

65. As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plan suffered millions of dollars in losses. Had Defendants complied with their fiduciary obligations and used Forfeitures to pay Plan expenses, the Plan would not have suffered these losses and participants would have had more money available to them for retirement.

66. Pursuant to 29 U.S.C. §§ 1109(a) and 1132(a)(2), Defendants are liable to restore to the Plan all losses caused by their breaches of fiduciary duties. In addition, Plaintiff is entitled to equitable and other appropriate relief for Defendants' breaches as set forth in their Prayer for Relief.

67. To the extent that any Defendant did not directly commit any of the foregoing breaches of fiduciary duty, each such Defendant is liable under 29 U.S.C. § 1105(a) because he, she, or it was a co-fiduciary and knowingly participated in (or concealed) a breach by another fiduciary, enabled another fiduciary to commit breaches of fiduciary duty in the administration of specific responsibilities giving rise to his, her, or its fiduciary status, or knowingly failed to cure another fiduciary's breach of fiduciary duty or failed to take reasonable efforts to remedy that breach.

## COUNT III
### (Breach of ERISA's Anti-Inurement Provision)

68. Plaintiff realleges and incorporates by reference herein all prior allegations in this Complaint as if fully set forth herein.

69. Pursuant to 29 U.S.C. § 1103(c)(1), "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purpose of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan."

70.     Because all forfeited Plan participant funds are initially placed in the Plan's trust, these Forfeitures are Plan assets.

71.     Defendants' use of Forfeitures to defray Brookdale's contributions to the Plan saved Brookdale millions of dollars in funds that it would otherwise have contributed to the Plan, thus causing the assets of the Plan to inure to the benefit of Brookdale in violation of 29 U.S.C. § 1103(c)(1).

72.     To the extent that any of the Defendants did not directly commit any of the foregoing breaches of fiduciary duty, each Defendant is liable under 29 U.S.C. § 1105(a) because he, she, or it was a co-fiduciary and knowingly participated in (or concealed) a breach by another fiduciary, enabled another fiduciary to commit breaches of fiduciary duty in the administration of specific responsibilities giving rise to his, her, or its fiduciary status, or knowingly failed to cure another fiduciary's breach of fiduciary duty or failed to take reasonable efforts to remedy that breach.

73.     As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plan and its participants suffered millions of dollars of losses.  Had Defendants complied with their fiduciary obligations and used Forfeitures to pay Plan expenses, the Plan would not have suffered these losses and participants would have had more money available to them for retirement.

74.     Pursuant to ERISA §§ 409, 502, 29 U.S.C. §§ 1109, 1132, Defendants are liable to restore to the Plan the losses it suffered as a direct result of Defendants' breaches of fiduciary duty.  Defendants are also liable for damages and any other available equitable or remedial relief, including prospective injunctive and declaratory relief, and attorneys' fees, costs, and other recoverable expenses of litigation.

## COUNT IV
## (Failure to Monitor Fiduciaries and Co-Fiduciary Breaches)

75. Plaintiff realleges and incorporates by reference herein all prior allegations in this Complaint as if fully set forth herein.

76. Brookdale is responsible for appointing, overseeing, and removing members of the Committee.

77. In light of its appointment and supervisory authority, Brookdale had a fiduciary responsibility to monitor the performance of the Committee and its members. In addition, Brookdale and the Committee had a fiduciary responsibility to monitor the performance of the individual members of the Committee.

78. A monitoring fiduciary must ensure that the monitored fiduciaries are performing their fiduciary obligations, including those with respect to the holding of Plan assets, and must take prompt and effective action to protect the Plan and its participants when fiduciaries fail to meet these obligations.

79. To the extent that Brookdale or the Committee delegated their fiduciary monitoring responsibilities, each Defendant's monitoring duty included an obligation to ensure that any delegated tasks were being performed prudently and loyally.

80. Brookdale and the Committee committed the following breaches of their fiduciary duty to monitor:

(a) Failing to monitor and evaluate the performance of their appointees, allowing the Plan to suffer enormous losses as a result of the appointees' imprudent actions and omissions;

(b) Failing to monitor their appointees' fiduciary processes, which would have alerted a prudent fiduciary to the breaches of fiduciary duties described herein; and

(c)     Failing to remove appointees who continuously engaged in conduct which benefited Brookdale to the detriment of the Plan and its participants and beneficiaries.

81.     As a consequence of the foregoing breaches of fiduciary duties, the Plan suffered millions of dollars in losses.  Had the monitoring Defendants complied with their fiduciary obligations, the Plan would not have suffered these losses, and Plan participants would have more money available to them for retirement.

82.     Pursuant to ERISA §§ 409, 502, 29 U.S.C. §§ 1109, 1132, Defendants are liable to restore to the Plan the losses it suffered as a direct result of Defendants' breaches of fiduciary duty.  Defendants are also liable for damages and any other available equitable or remedial relief, including prospective injunctive and declaratory relief, and attorneys' fees, costs, and other recoverable expenses of litigation.

## VII.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants on all claims and requests that the Court award the following relief:

A.     A determination that this action may proceed as a class action under Federal Rule of Civil Procedure 23(b)1 or 23(b)(2);

B.     Designation of Plaintiff as Class Representative and designation of Plaintiff's counsel as Class Counsel;

C.     A Declaration that Defendants, and each of them, have breached their fiduciary duties and other obligations under ERISA;

D.     An Order compelling Defendants to make good to the Plan all losses resulting from their breaches of fiduciary duties and other violations and to restore to the Plan all profits Defendants made through use of the Plan's assets and all profits the Plan participants

would have made had Defendants fulfilled their fiduciary obligations and other responsibilities to the Plan;

      E.    An Order requiring Defendants to disgorge all profits received from the Plan, and/or equitable relief pursuant to 29 U.S.C. § 1132(a)(3) in the form of an accounting for profits, imposition of a constructive trust, or a surcharge against Defendants necessary to effectuate said relief and prevent Defendants' unjust enrichment;

      F.    Actual damages in the amount of any losses the Plan suffered, to be allocated among the participants' individual accounts in proportion to individual account losses;

      G.    An Order enjoining Defendants from any further violations of their fiduciary responsibilities, obligations, and duties under ERISA;

      H.    Other equitable relief as may be appropriate to redress Defendants' illegal practices and to enforce the provisions of ERISA, including appointment of an independent fiduciary or fiduciaries to run the Plan and removal of the Plan's fiduciaries who are deemed to have breached their fiduciary duties;

      I.    An award of pre-judgment interest;

      J.    An award of costs pursuant to 29 U.S.C. § 1132(g);

      K.    An award of attorneys' fees pursuant to 29 U.S.C. § 1132(g) and the common fund doctrine; and

      L.    Such other and further relief as the Court deems equitable and just.

Dated: January 24, 2025

/s/ J. Gerard Stranch, IV
J. Gerard Stranch, IV (BRP 23045)
Michael C. Iadevaia (BRP 041622)
**STRANCH, JENNINGS & GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
(615) 255-5419 (facsimile)
gstranch@stranchlaw.com
miadevaia@stranchlaw.com

James E. Miller (*pro hac vice forthcoming*)
Laurie Rubinow (*pro hac vice forthcoming*)
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
        lrubinow@millershah.com

Alec J. Berin (*pro hac vice forthcoming*)
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: ajberin@millershah.com

*Attorneys for Plaintiff, the Plan,*
*and the Proposed Class*