IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

MONIQUE MCDONALD )
 )  Case No. 3:25-cv-00094
v. )  Judge Richardson
 )  Magistrate Judge Holmes
BROOKDALE SENIOR LIVING, INC. *et al.* )

**O R D E R**

Pending before the Court is a motion to stay discovery (Docket No. 19) filed by Defendants Brookdale Senior Living, Inc., Retirement Committee of Brookdale, and Does No. 1–10's. Defendants indicate that Plaintiff Monique McDonald opposes the requested stay. Although the time under Local Rule 7.01(a)(3) for Plaintiff to respond to the motion has not yet expired, the Court elects to exercise its authority under Local Rule 7.01(b) to rule on the motion prior to the time allowed for response. Accordingly, for the reasons discussed below, Defendants' motion to stay (Docket No. 19) is **DENIED**.

I. BACKGROUND

In her complaint filed on January 24, 2025, Plaintiff alleges that Defendants wrongfully used assets in an employee retirement plan for their own benefit in violation of the Employee Retirement Income Security Act ("ERISA"). (Docket No. 1.) Plaintiff filed her lawsuit individually, as a representative of the retirement plan, and as a representative of a proposed class of participants and beneficiaries of the retirement plan. She asserts four claims: (1) breach of fiduciary duty of prudence; (2) breach of fiduciary duty of loyalty; (3) breach of ERISA's anti-inurement provision; and (4) failure to monitor fiduciaries and co-fiduciary breaches. (*Id.* at ¶¶ 49–82.)

In response to the complaint, Defendants filed a motion to dismiss in which they argue that Plaintiff fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] (Docket No. 17.) Defendants argue that Plaintiff's first and second claims for breach of fiduciary duty, as well as Plaintiff's fourth claim for failure to monitor fiduciaries, fail as a matter of law because the actions at issue are not fiduciary actions; neither the fiduciary duties nor the retirement plan require that the forfeited contributions be used for Plaintiff's benefit; and the retirement plan has not suffered any harm. (Docket No. 18 at 6–17.) Defendants also argue that Plaintiff's third claim for breach of anti-inurement provision fails as a matter of law because Plaintiff does not allege that the forfeited contributions reverted back to Defendants. (*Id.* at 17–19.) The deadline for Plaintiff to file a response to the motion to dismiss has not yet expired.

Along with the motion to dismiss, Defendants also filed the instant motion to stay discovery. (Docket No. 19.) An initial case management conference ("ICMC") set on April 15, 2025 at 11:00 a.m. (CT). (Docket No. 5.)

## II.  LEGAL STANDARD

The scope of discovery set out in Rule 26(b)(1) explicitly states that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The trial court is afforded broad discretion to control and dictate the sequence of discovery. *Crawford-El. v. Britton*, 523 U. S. 574, 598-99 (1998). As this Court has previously noted, "the power of a court to stay discovery is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Nissan N. Am., Inc. v. DeltaWing Project 56, LLC*, No. 3-15-0663, 2015 WL 7756146, at *2 (M.D. Tenn. Dec. 1, 2015).

---

[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

The decision to stay discovery is context specific and not subject to uniform rules. *Harmer v. Cannata*, No. 3:22-cv-00976, 2023 WL 2228958, at *1 (M.D. Tenn. Feb. 24, 2023); *Bridgestone Americas, Inc. v. Int'l Bus. Machines Corp.*, No. 3:13-CV-1196, 2016 WL 11786196, at *1 (M.D. Tenn. July 6, 2016) (compiling cases "illustrative of the wide discretion enjoyed by district courts in deciding whether to grant a stay of merits discovery while a dispositive motion is pending").

As this Court has previously noted, the Federal Rules of Civil Procedure do not specifically provide for a "Motion to Stay Discovery." *Cockrill v. Mortg. Electronic Registration Sys.*, No. 3:13–0031, 2013 WL 1966304 at *2 (M. D. Tenn. May 10, 2013). However, several courts have essentially held that a motion to stay discovery should be viewed as a motion for protective order under Rule 26(c)(1), which seeks to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *Id.* Accordingly, parties seeking a protective order have the burden to show "good cause." *In re Skelaxin Metaxalone Antitrust Lit.*, 292 F.R.D. 544, 549–50 (E. D. Tenn. 2013).

To show "good cause," the moving party must articulate specific facts that show a clearly defined and serious injury resulting from the discovery sought; mere conclusory statements will not be sufficient. *Id.* at 549. Rule 26(c) "assumes that a party has the right to issue a discovery request in the first place." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)). Accordingly, "good cause" will not be shown merely because the disputed discovery may be inconvenient or expensive. *Isaac v. Shell Oil Co.*, 83 F.R.D. 428, 431 (E.D. Mich. 1979) (citing *United States v. American Optical Co.*, 39 F. R. D. 580 (N.D. Cal. 1966)).

3

In addition, the Local Rules of this Court provide that "[d]iscovery is not stayed, including during the pendency of dispositive motions, unless specifically authorized by Fed. R. Civ. P. 26(d) or by order of the Court." Local R. 16.01(g).

### III. ANALYSIS

In their motion, Defendants asks the Court to stay discovery pending resolution of their motion to dismiss. (Docket No. 19.) In support of their motion to stay, Defendants argue that "good cause" exists to stay discovery because "Plaintiff has asserted a theory of liability that has never been recognized by the Court or the Court of Appeals for the Sixth Circuit," which Defendants argue in their motion to dismiss. (Docket No. 20 at ¶ 10.) Defendants also contend that discovery will not impact the parties' positions with respect to Defendants' motion to dismiss, so staying discovery is appropriate. (*Id.* at ¶ 11.) Finally, Defendants assert that a stay of discovery will conserve resources for the parties and the Court. (*Id.* at ¶ 12.)

As set forth above, the Court has elected to rule on this motion prior to the time allowed for Plaintiff to respond.

The Court finds that Defendants have not provided adequate "good cause" to stay discovery in this action pending resolution of their motion to dismiss. As an initial matter, defendants who file a motion to dismiss often assert that they should not be subjected to the costs and conduct of litigation because they do not believe themselves to be liable under any theory plead by plaintiffs. *See CHS/Comm. Health Sys., Inc. v. Med. Univ. Hosp. Auth.*, No. 3:20-cv-00163, 2021 WL 5863598, at *3 (M.D. Tenn. Jan. 4, 2021). "The mere fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Collabera, Inc. v. Liggett*, No. 3:21-cv-00123, 2021 WL 6496801, at *1 (M.D. Tenn. Jun. 21, 2021) (quoting *Stirling v. Hunt*, No. 12-2737, 2012 WL 12899060, at *1 (W.D. Tenn. November 15, 2012)). *See also Ohio Bell*

4

*Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008) ("[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a case-dispositive motion."). Accordingly, Defendants' references to the arguments in their pending motion to dismiss regarding why Plaintiff's claims against them allegedly fail as a matter of law under Rule 12(b)(6) cannot, without more, serve as "good cause" to stay discovery.[2]

Ultimately, the Court must "weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery . . . and take into account any societal interests which are implicated by either proceeding or postponing discovery." *Bridgestone Americas, Inc.*, 2016 WL 11786196 at *1 (quoting *Ohio Bell Tel. Co.*, 2008 WL 641252 at *1). Here, the Court finds that the balance of interests weighs in favor of permitting discovery to proceed. Given the Local Rule's dictate that discovery should not be stayed despite a pending motion to dismiss, the Court finds that proceeding in the normal course and having the parties undertake discovery would best serve the interests of the parties and of judicial economy in this particular context.[3]

---

[2] Furthermore, the undersigned is disinclined to consider the merits of a motion to dismiss in the context of a motion to stay discovery, including and especially because the motion to dismiss is pending before the District Judge.

[3] Indeed, if the Court were to stay discovery in every case in which a defendant elects to file a motion to dismiss for failure to state a claim, the backlog of postponed cases would be tremendous and would create an unnecessary burden for the Court.

5

Case 3:25-cv-00094    Document 22    Filed 04/07/25    Page 5 of 6 PageID #: 581

## IV. CONCLUSION

For these reasons, Defendants' motion to stay discovery (Docket No. 19) is **DENIED**.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

6

Case 3:25-cv-00094   Document 22   Filed 04/07/25   Page 6 of 6 PageID #: 582